# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KALIAH BURNETT, | Case No.: 2:20-cv-00029-APG-BNW |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 21] |
| SYB, LLC, d/b/a Golden Heart Senior Care, et al., | |
| Defendants | |

Kaliah Burnett sues her employer, SYB, LLC, d/b/a Golden Heart Senior Care (Golden Heart), alleging that she was constructively discharged after telling her employer she was pregnant. Golden Heart moves to dismiss the complaint. Burnett has failed to plead sufficient facts to support her claims, so I dismiss them without prejudice.

**I.  BACKGROUND**

Burnett began working for Golden Heart as a full-time personal care giver in May 2018. ECF No. 1-1 at 4. Two months later, she told her employer she was pregnant. *Id.* Burnett's superiors told her she would need a doctor's note clearing her to work. *Id.* Three weeks later, Burnett presented a doctor's note. *Id.* But on August 11, 2018, Burnett discovered that she was scheduled to work only nine hours that week. *Id.* She immediately quit. *Id.*

In May 2019, Burnett filed a charge of discrimination with the Nevada Equal Rights Commission (NERC) and she received a right to sue letter on September 4, 2019. *Id.* She filed this lawsuit in state court on December 3, 2019. ECF No. 1-1. The case was removed to this court a month later. ECF No. 1. Burnett raises two claims against Golden Heart. First, she alleges that she was constructively discharged because she was pregnant, in violation of Title VII and corresponding state law. ECF No. 1-1 at 5–6. Second, she claims intentional infliction of

emotional distress (IIED) because of the alleged constructive discharge. *Id.* at 6–7.  Golden Heart moves to dismiss both claims. ECF No. 21.

## II.     ANALYSIS

### A.     Motion to dismiss standard

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 696 (internal quotation marks and citation omitted).

I apply a two-step approach when considering a motion to dismiss. *Id.* at 679.  First, I accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.  Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when it alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged

misconduct. *Id.* at 663.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted).  If the claims do not cross the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.     Burnett's state law discrimination claim is timely**

Golden Heart argues that Burnett's claim for violations of Nevada Revised Statutes § 613.330 must be dismissed as untimely because it was filed more than 180 days after the date of the alleged discrimination.  Under Nevada Revised Statutes § 613.430(1), no claim for violations of § 613.330 may be brought more than 180 days after the date of the alleged discriminatory act or more than 90 days after receipt of a right-to-sue letter, "whichever is later." Burnett sued more than 180 days after the alleged constructive discharge, but her claim is still timely because it was filed within 90 days of her receipt of the right-to-sue letter.  I therefore deny the motion to dismiss Burnett's state law claim on this basis.

**C.     Burnett's constructive discharge claim is dismissed without prejudice**

Burnett alleges that she was constructively discharged because she was scheduled to work only nine hours on the August 11 schedule and that the reduction in her hours was because she was pregnant.  Golden Heart argues that Burnett's allegations fail to rise to the level of a constructive discharge.  Burnett contends that her allegations that her hours were reduced because she was pregnant are sufficient to state a claim for a constructive discharge under Title VII and corresponding Nevada law.

3

"A constructive discharge occurs when, looking at the totality of circumstances, 'a reasonable person in the employee's position would have felt that he was forced to quit because of intolerable and discriminatory working conditions.'" *Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987) (quoting *Satterwhite v. Smith*, 744 F.2d 1380, 1381 (9th Cir. 1984)) (alterations adopted). Generally, a single instance of discrimination is not enough to support a constructive discharge claim. *Id.* The plaintiff must allege "aggravating factors," like a "continuous pattern of discriminatory treatment." *Id.*

As alleged, Burnett's constructive discharge claim is insufficient. Burnett does not describe a pattern of discriminatory working conditions that made her continued employment intolerable. She simply alleges that she was scheduled for reduced hours on one occasion after she told her superiors she was pregnant and then she immediately quit. A single reduction of hours, without more, does not rise to the level of a constructive discharge. Burnett's constructive discharge claim, therefore, must be dismissed.

However, in Burnett's response, she suggests that her hours were reduced immediately after telling her superiors she was pregnant, that she went to her superiors to discuss the issue, and that she was rebuffed when she asked for an explanation. Because none of this was in the complaint, I cannot consider these facts when ruling on Golden Heart's motion to dismiss. *Outdoor Media Grp. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). The totality of the circumstances alleged in the complaint do not give rise to a claim for constructive discharge, but it appears that Burnett could plead additional facts to support it. So, I dismiss this claim and grant Burnett leave to amend if she can assert sufficient facts to state a plausible constructive discharge claim.

4

### D. Burnett's IIED claim is dismissed without prejudice

In her second claim, Burnett alleges that she suffered "stress, worry, concern, and anxiety" because of her constructive discharge and loss of income. ECF No. 1-1 at 6. Golden Heart argues that Burnett failed to allege extreme or outrageous conduct because the only wrongful conduct alleged is reducing her hours. Burnett responds that Golden Heart's actions were a "flagrant violation of the law" that rises to the level of extreme and outrageous. ECF No. 27 at 9.

A claim for IIED requires a plaintiff to prove that the defendant engaged in extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress or bodily harm. *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 147 (Nev. 2014), *vacated on other grounds*, 136 S. Ct. 1277 (2016). To be extreme and outrageous, the conduct must be "outside all possible bounds of decency and regarded as "utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citation and internal quotations omitted). Termination of an employee, "even in the context of a discriminatory [employee] policy, does not itself amount to extreme and outrageous conduct actionable under an [IIED] theory." *Hirschhorn v. Sizzler Restaurants Intern., Inc.*, 913 F. Supp. 1393, 1401 (D. Nev. 1995) (citing *Brooks v. Hilton Casinos, Inc.*, 959 F.2d 757, 766 (9th Cir. 1992)).

Burnett does not state a plausible IIED claim. She does not detail specific behavior by Golden Heart that could be considered extreme or outrageous, and instead she merely recites the elements of an IIED claim. This does not satisfy Rule 8's pleading standard. *Iqbal*, 556 U.S. at 678. I therefore grant Golden Heart's motion to dismiss this claim.

But as with her constructive discharge claim, Burnett's response suggests that she has additional facts that might better support this claim. I cannot consider the facts raised in her

opposition that are not in the complaint, but I will grant Burnett leave to amend this claim to allege facts to support it if such facts exist.

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **[ECF No. 21] is GRANTED**. Plaintiff Kaliah Burnett's claims are dismissed without prejudice.

I FURTHER ORDER that plaintiff Kaliah Burnett may file an amended complaint by October 9, 2020 if she can cure the defects described in this order. Failure to do so will result in this case being closed.

DATED this 16th day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE